*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BS-949**

IN RE GARY T. BROWN, ESQUIRE,
    Respondent.

A Member of the Bar of the
District of Columbia Court of Appeals
**Bar Registration Number:** 246314

**Board Docket No.:** 22-PD-014
**Disciplinary Docket No.:** 2018-D284.

BEFORE: McLeese and Deahl, Associate Judges, and Thompson, Senior Judge.

### O R D E R
(FILED—January 19, 2023)

On consideration of the consent petition of the Board on Professional Responsibility ("Board") pursuant to D.C. Bar R. XI, § 13(c), to suspend respondent indefinitely based on disability, and it appearing that neither respondent nor Disciplinary Counsel has interposed any objection thereto, it is

ORDERED that effective immediately, respondent is indefinitely suspended from the practice of law based on disability, and any pending disciplinary matters be held in abeyance pursuant to D.C. Bar R. XI, § 13(g). It is

FURTHER ORDERED that respondent's attention is drawn to the requirements of D.C. Bar R. XI, §§ 14 and 16, relating to suspended attorneys. It is

FURTHER ORDERED that respondent shall file an affidavit in compliance with D.C. Bar R. XI, § 14(g), with the court and the Board shall serve a copy of the affidavit on Disciplinary Counsel. It is

FURTHER ORDERED that, it appearing that appointment of counsel under D.C. Bar Rule XI, § 15(a) is necessary because there is no partner, associate, or other responsible attorney capable of conducting respondent Garry T. Brown's affairs subsequent to the suspension ordered herein, McGavock D. Reed, Jr., Esquire, is appointed to inventory the files of respondent Gary T. Brown, a suspended member

**No. 22-BS-949**

of the District of Columbia Bar, to make appropriate disposition of such files, and to take any other appropriate action to ensure continuity of the representation for respondent's clients. It is

FURTHER ORDERED that McGavock D. Reed, Jr., Esquire, shall file with the Board written acceptance of this appointment if he agrees to accept the appointment. It is

FURTHER ORDERED that as promptly as possible, McGavock D. Reed, Jr., Esquire, shall provide the Executive Attorney of the Board a written estimate of the number of hours necessary to complete the inventory and distribution of the client files, and that he shall submit to the Executive Attorney monthly statements of the time spent and expenses incurred in carrying out this appointment. It is

FURTHER ORDERED that pursuant to D.C. Bar R. XI, § 15(e), McGavock D. Reed, Jr., Esquire, shall be compensated by the Board for the services rendered in carrying out the appointment at the prevailing rate under the District of Columbia Criminal Justice Act without prejudice to the Board seeking reimbursement from any appropriate parties.

**PER CURIAM**